UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
JOHN WILEY & SONS, INC.,                                       :   **ORDER**
                                                               :
                          Plaintiff,                           :   09 Civ. 4307 (AKH)
                                                               :
         -against-                                             :
                                                               :
DAVID HISER,                                                   :
                                                               :
                          Defendant.                           :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

    The parties, by joint letter of July 21, 2010, submitted pursuant to my Individual Rule 2E, request rulings on various issues. My rulings follow:

1. Hiser asserts that the parties agreed to a $15,000 settlement respecting 13 allegedly infringing uses of Hiser's copyrighted photographs. Wiley denies that an agreement was made. The issue depends on the nature of the offer, counter-offer and alleged acceptance.

    a. The issue requires me to examine the email exchanges on which Hiser relies for its contention that an agreement was made. Hiser shall settle with Wiley, by noon on Wednesday, August 4, 2010, the precise documents Hiser proposes to submit to me on that issue. Wiley shall identify to Hiser, by 5:00 p.m. that same day, its objections, if any, and any additional documents that Wiley proposes to submit regarding that same issue of formation of contract. By noon the next day, Hiser shall

      send to Wiley the submission of documents it proposes (based only on the prior day's identifications and exchanges of documents) and its comments and explanations. Wiley shall add its comments and explanations and additional documents (also based only on the prior day's exchanges), and submit the entire package to me by 3:00 p.m., Thursday, August 5, 2010.

   b. Wiley argues that an agreement was not made because, among other reasons, Hiser refused to agree to a condition that Wiley proposed, that Hiser's counsel promise not to represent any other client in a claim or suit against Wiley. Hiser contends that such a promise would violate the rules of professional responsibility. The court requires briefing on the following issues: whether such a condition can lawfully be demanded or, if demanded, promised, and whether such a condition may be ignored in deciding if the parties had a meeting of the minds. The parties shall submit their briefs simultaneously, at noon, Friday, August 6, 2010.

2. Although Wiley's insistence on going forward with the "30(b)(6)" depositions according to schedule was unreasonable in light of the dispute regarding an alleged agreement, Hiser's motion for sanctions and/or attorneys' fees and costs is denied. Witnesses – even "30(b)(6)" witnesses – are not required to conduct research on a lengthy list of topics, or bring documents with them to the examination room. Relevant documents should have been produced timely, by the parties, in response to notice, and at a scheduled time and place, before depositions were scheduled to begin.

Hiser should reconsider the taking of these depositions in light of the purpose served by interrogatories.

3. The conduct of counsel for both parties has been unprofessional. Name-calling shall not again occur. Counsel owe each other courtesy and respect. Future submissions that stray from this standard are likely to be cause for sanctions.

4. The lawyers for both sides have been conducting this case disproportionately to the amounts and principles that are involved. Zealous representation does not require irrelevant demands for discovery or untimely and unresponsive answers and document productions. Repetitions of such conduct are likely also to give rise to sanctions.

SO ORDERED.

Dated:   July 30, 2010
        New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

3